## In re Primary Election of 1938

*Frank A. Bedford, Jr.*, and *Charles J. Hepburn, Jr.*, for petitioner.

*C. W. Scott*, contra.

ALESSANDRONI, J., September 7, 1939.—On July 21, 1939, Romanus J. Buckley filed this petition averring that he is a qualified elector of the City and County of

Philadelphia; that pursuant to an order of court dated July 11, 1939, he examined the record of assisted voters in the primary election of May 17, 1938; that as a result of that examination it was determined that in many election districts no record of assisted voters was returned by the judges of election as required by section 1218 (c) of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2600; that petitioner proposed to institute prosecutions under section 1832 of the Election Code against the judges of election who failed to return the record of voters receiving assistance; that on July 18, 1939, petitioner was notified by the chief clerk of the county board of elections that the board intended to destroy the records relating to this election, having preserved them more than 11 months as required by section 309 of the Election Code; that the destruction of the records will interfere with the proposed prosecutions. A rule was, therefore, asked upon the members of the county board of elections to show cause why the records of assisted voters for the primary election of May 17, 1938, should not be preserved.

The county board of elections filed a demurrer to the petition assigning as reasons therefor that the court is without jurisdiction; that petitioner is not such a person as is entitled to the relief prayed for; that it does not appear on the face of the petition that there are any pending prosecutions; that section 309 of the Election Code provides that the county board shall preserve such records for the period of 11 months and that, from the face of the petition and the contents thereof, the court is not warranted in granting relief.

Section 309 of the Election Code, supra, provides: "All documents, papers and records in the office of the county board of elections of each county, including official ballots and the contents of ballot boxes, shall be preserved therein for a period of at least eleven (11) months, and shall be preserved for a greater period if the county board

has been notified in writing by the district attorney of the county, or by a judge of a court of record, to preserve said papers or contents of ballot boxes for a longer period of time, for the purposes of pending prosecution or litigation."

It is apparent that all documents in the office of the county board of elections, including ballots and the contents of ballot boxes, must be preserved by the county board for the period of 11 months. By the terms of the act this is a mandatory duty. At the expiration of that period of time the custodians of such records are permitted to destroy them unless the county board "has been notified" in writing by the district attorney of a pending prosecution in which these records are necessary as evidence, or by a judge of a court of record before whom there is pending litigation. It is evident that the legislature believed that under ordinary circumstances such records would be unnecessary after the expiration of the designated period of time, and that it would be an unjust burden upon the administration of the department acting as custodian to require them to preserve such records any longer. By the express terms of section 309 the written notice must be delivered before the expiration of 11 months and must relate to litigation or criminal prosecution which is actually pending at that time.

Petitioner suggests that this court by the exercise of its chancery powers may in its discretion exercise this power independently of section 309 of the Election Code. This is not a court of equity nor are the powers vested in the court discretionary. The right to grant the prayer of this petition is limited by the authority conferred in section 309 of the Election Code of June 3, 1937, P. L. 1333. In the opinion of this court the legislature never intended the exercise of the authority granted in this section under circumstances such as are now presented.

For the foregoing reasons this petition filed more than 14 months after the election must be dismissed.

634

And now, to wit, September 7, 1939, the rule to show cause why the records of assisted voters for the primary election of May 17, 1938, should not be preserved is dismissed.